# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs February 23, 2015

## ANTHONY TRAVIS RICHARDS v. VERONICA DENISE RICHARDS

**Appeal from the Chancery Court for Roane County**
**No. 2014-50     Frank V. Williams, III, Chancellor**

_____

### No. E2014-02123-COA-R3-CV-FILED-JULY 30, 2015

_____

Anthony Travis Richards (Husband), who was incarcerated in the custody of the Tennessee Department of Correction, filed this divorce action against Veronica Denise Richards (Wife).  Husband also filed a "motion for leave of court to appear by means of video communications technology or, in the alternative, by telephone in lieu of personal attendance" in accordance with Tenn. Code Ann. § 41-21-809 (2014).  The trial court did not address Husband's motion.  Rather, the court entered an order dismissing Husband's complaint predicated on his failure to appear and prosecute the action.  We hold that the trial court committed prejudicial error by dismissing Husband's action without first considering his pending motion.  Accordingly, we vacate the trial court's judgment and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Vacated; Case Remanded**

CHARLES D. SUSANO, JR., C.J., delivered the opinion of the court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Anthony Travis Richards, Mountain City, Tennessee, appellant, pro se.

No appearance by or on behalf of appellee Veronica Denise Richards.

## OPINION

On April 15, 2014, Husband filed three documents: (1) his complaint for divorce; (2) a "motion for leave of court to appear by means of video communications technology or, in the alternative, by telephone in lieu of personal attendance" in accordance with

Tenn. Code Ann. § 41-21-809;[1] and (3) a "motion to set case for trial." Wife did not file a pleading. On October 14, 2014, the trial court entered an order stating in its entirety,

> [t]his cause came onto be heard this 13th day of October 2014 upon the Complaint for Divorce filed by Anthony Travis Richards against the Defendant, Veronica Denise Richards; and the Plaintiff failed to appear and prosecute his complaint (being incarcerated in the penitentiary), but the Defendant did appear demanding a divorce in the absence of any answer or [counterclaim] for divorce filed by her.
>
> It is therefore ORDERED that the complaint for Divorce be, and is hereby, dismissed and the costs taxed to the Plaintiff for which execution shall issue.

Husband timely filed a notice of appeal, arguing that the trial court erred by dismissing his complaint.

In ***Reese v. Klocko***, No. M2005-02600-COA-R3-CV, 2007 WL 1452688 at *4-5 (Tenn. Ct. App. E.S., filed May 16, 2007), this Court addressed a similar situation:

> Husband's second issue surrounds his claim that the Trial Court erred in not allowing him to participate in the trial by telephone. . . . Husband does not claim that he should have been transported from prison to attend the trial; rather, he simply requested that he be allowed to participate by telephone.
>
> In ***Bell v. Todd***, 206 S.W.3d 86 (Tenn. Ct. App. 2005), we gave the following insight into the effects of a trial court's failure to rule on a prisoner's pending motions when that prisoner is a party to the litigation:

---

[1] Tenn. Code Ann. § 41-21-809 provides as follows:

> The court may hold a hearing under this part at a county jail or a facility operated by the department or may conduct the hearing with video communications technology that permits the court to see and hear the inmate and that permits the inmate to see and hear the court and any other witnesses.

Litigation involving self-represented litigants can be challenging and difficult. It can become even more difficult and cumbersome when the self-represented litigant is incarcerated. However, an incarcerated litigant's right to meaningful access to the courts requires that the litigant be afforded a fair opportunity to present his or her side of the controversy. *Knight v. Knight*, 11 S.W.3d 898, 903 (Tenn. Ct. App. 1999). . . .

Appellate courts frequently have been confronted with cases in which the trial courts have disposed of claims either filed by or asserted against self-represented prisoners without first addressing the prisoner's pending motions. No matter whether the prisoner is the plaintiff or the defendant, reviewing courts have consistently held that trial courts err when they proceed to adjudicate the merits of the claim without first addressing the prisoner's pending motion or motions. These oversights have generally been found to be prejudicial rather than harmless because the failure to address pending motions "give[s] the impression that a litigant is being ignored," *Logan v. Winstead*, 23 S.W.3d at 303. We have also held that a prisoner's failure to comply with local rules requiring motions to be set for hearing does not provide a trial court with an excuse for failing to address the pending motions. *Chastain v. Chastain*, 2004 WL 725277, at *2. Accordingly, when a trial court has failed to rule on an incarcerated litigant's pending motions, reviewing courts have consistently vacated the judgment and remanded the case to the trial court with directions to consider and act on the pending motions.

*Bell*, 206 S.W.3d at 91 (footnote omitted).

3

> *Knight v. Knight*, 11 S.W.3d 898 (Tenn. Ct. App. 1999) involved a divorce case wherein the husband, who was incarcerated, filed a motion seeking transportation to the trial or that the trial be continued until his release from prison, which was to occur in the not-so-distant future. *Id*. at 899. The trial court in *Knight* never ruled on the husband's motion and proceeded with the trial. *Id*. On appeal, this Court discussed the evolution of the law in Tennessee regarding participation by inmates in legal proceedings. We noted that there are various options available to a trial court "including, but not limited to, offering Husband the opportunity to testify by videotaped deposition, [or] allowing Husband to participate in the trial by telephone. . . ." *Id*. at 906. Because the trial court never ruled on the husband's motion and because none of the options available to the trial court were considered, we vacated the final divorce decree. *Id*. at 906-07.

> Returning to the present case, we conclude that the Trial Court erred when it failed to rule on Husband's pending motions, including his motion to participate in the trial by telephone. Husband's motion to participate in the trial by telephone should have been considered by the Trial Court, and it should have been granted. We, therefore, vacate the final divorce decree in its entirety and remand this case for a new trial with directions that Husband be allowed to participate at trial by telephone.

(Internal citations in *Bell* omitted.)

This appeal is controlled by the principles enunciated in *Reese* and *Bell*. Pursuant to those authorities, we vacate the judgment of the trial court and remand this case for further proceedings consistent with this opinion. Costs on appeal are assessed to the appellee, Veronica Denise Richards.

_____
CHARLES D. SUSANO, JR., CHIEF JUDGE